**AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, PETER ONORATO, state:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so since March 2016. During my career as a Special Agent, I have been involved in a wide variety of investigative matters, including terrorism and fraud investigations as well as investigations targeting criminal enterprises involved in the unlawful distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and 846. During the course of these investigations, I have coordinated the execution of search and arrest warrants, conducted physical surveillance, participated in controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and communicated with other local and federal law enforcement officers regarding the manner in which drug distributors obtain, finance, store, manufacture, transport, and distribute their illegal drugs. Through my training and experience I have become familiar with the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits.

**PURPOSE OF AFFIDAVIT**

2. I submit this affidavit in support of an application for a Criminal Complaint charging Ryan PAVAO ("PAVAO"), a/k/a "Styx," a/k/a "Jimmy," with distribution of a controlled substance, to wit: fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (the "Subject Offense").

3. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral reports made to me by FBI Special Agents and other state and local law enforcement agencies.

4.      This Affidavit is submitted for the limited purpose of establishing probable cause to believe that PAVAO committed the Subject Offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation. I have set forth only the facts that I believe are needed to establish the requisite probable cause.

## BASIS FOR PROBABLE CAUSE

5.      In January 2022, at the direction of FBI, a confidential witness ("CW-1")[1] began making purchases of fentanyl from PAVAO.

6.      For each of the controlled buys, FBI followed the same procedure. Prior to the buy, CW-1 contacted PAVAO to confirm the details of the purchase of fentanyl, including the location and price. Immediately prior to each controlled buy, law enforcement officers searched CW-1 for contraband or money, equipped CW-1 and/or CW-1's vehicle with a recording device and transmitter and provided CW-1 with Official Agency Funds ("OAF"). During the transaction, law enforcement officers surveilled CW-1 to and from the transaction and monitored the transmission of the transaction. Following the transaction, law enforcement officers surveilled CW-1 back to a pre-determined meeting location, where they again searched CW-1 for contraband and money and retrieved the recording device and thpe contraband.

7.      On January 28, 2022, law enforcement officers met with CW-1. At the direction of

---

[1] CW-1 has a criminal history that includes prior arrests for assault and battery with a dangerous weapon, breaking and entering, and distribution of Class A. On previous occasions, CW-1 has accurately identified and corroborated events and individuals involved in active criminal investigations, including in drug and firearm investigations. At the direction of law enforcement, CW-1 previously made controlled purchases of evidence in conjunction with criminal investigations. CW-1's assistance led to search and arrest warrants. CW-1's cooperation is financially motivated, and CW-1 has been paid over $50,000 for providing information and services in this and other investigations. Because of CW-1's history of providing credible information and the corroboration described here this case, I believe CW-1's information is reliable.

agents, CW-1 texted PAVAO at (401) 688-6162 ("6162 Number"). During the conversation, PAVAO agreed to sell CW-1 50 grams of fentanyl for $1,700 that afternoon. Agents took photographs of the text conversation.

8. Prior to the controlled buy, agents provided CW-1 an audio recording device. At approximately 12:35 pm, agents observed CW-1 arrive at the buy location. At approximately 12:48 pm, agents observed a black Cadillac sedan bearing Massachusetts license plate number 3GPB59 park in the vicinity of the buy location. Agents then observed an individual dressed in black, identified as PAVAO, exit the vehicle. PAVAO then entered CW-1's vehicle. Shortly after, PAVAO exited CW-1's vehicle and re-entered the Cadillac.

9. After CW-1 left the buy location, CW-1 drove to the predetermined location to meet agents. CW-1 then provided a baggie filled with a white substance to agents.

10. On May 26, 2022, the substance was sent to the Drug Enforcement Administration ("DEA") Northeast Laboratory for testing. On June 29, 2022, I received the results from the laboratory, which confirmed the substance weighed approximately 49.1 grams and tested positive for the presence of fentanyl.

11. On February 9, 2022, law enforcement officers met with CW-1. At the direction of agents, CW-1 called PAVAO at the 6162 Number. During the conversation, PAVAO agreed to sell CW-1 50 grams of fentanyl for $1,700. A law enforcement officer was present for the phone conversation.

12. Immediately prior to the controlled buy, agents provided CW-1 a video recording device. At approximately 12:45 pm, agents observed CW-1 arrive at the buy location. At approximately 12:48 pm, agents observed PAVAO arrive at the location in a green motorcycle.

13. PAVAO then got off the motorcycle and entered CW-1's vehicle. Shortly after,

PAVAO exited CW-1's vehicle. CW-1 then drove away from the buy location as PAVAO stayed, standing next to his motorcycle.

14.     CW-1 drove to the predetermined location to meet agents. CW-1 then provided a baggie filled with a white substance to agents.

15.     On October 27, 2022, the substance was sent to the DEA Northeast Laboratory for testing. On November 15, 2022, I received the results from the laboratory, which confirmed that the substance weighed 50.818 grams and tested positive for the presence of fentanyl.

## CONCLUSION

16.     Based upon the foregoing, there is probable cause to believe that on January 28, 2022, PAVAO did knowingly and intentionally distribute a controlled substance, to wit: fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

I declare that the foregoing is true and correct.

*Peter Oronato /by Paul G. Levenson*
_____
PETER ORONATO
Special Agent
Federal Bureau of Investigation

Time and Date:     11:41 am December 2, 2022

Notice is hereby provided that, pursuant to Federal Rule of Criminal Procedure 4.1, the affiant was sworn by telephone on the date and time indicated above.



_____
Honorable Paul G. Levenson
United States Magistrate Judge

4